People ex rel. Lazzaro v Molina (2022 NY Slip Op 02219)

People v Molina

2022 NY Slip Op 02219

Decided on April 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-02201

[*1]The People of the State of New York, ex rel. Lance Lazzaro, on behalf of Nelson Pizarro, petitioner,
v
Louis Molina, etc., respondent.

Lazzaro Law Firm, P.C., Brooklyn, NY (Lance Lazzaro pro se of counsel), for petitioner.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Antonia Assenso of counsel), for respondent.

DECISION, ORDER & JUDGMENT
Writ of habeas corpus in the nature of an application to release Nelson Pizarro upon his own recognizance or, in the alternative, to set reasonable bail upon Richmond County Indictment No. 70086/2022.

ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail upon Richmond County Indictment No. 70086/2022 is set in the sum of $5 million posted in the form of an insurance company bail bond, the sum of $5 million posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $2.5 million deposited as a cash bail alternative, without prejudice to the District Attorney of Richmond County requesting that the Supreme Court, Richmond County, conduct a bail source hearing, at the time bail is posted, if the District Attorney of Richmond County be so advised (see CPL 520.30), on condition that, in addition to posting a bond or depositing the cash alternative set forth above, Nelson Pizarro shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Richmond County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Richmond County; (2) remain confined to his residence, except for visits to his place of employment, his place of worship, his attorney, his doctors, or court, and must travel directly from his home to his place of employment, his place of worship, his attorney, his doctors, or court, and directly back to his home, when conducting those visits; (3) surrender all passports, if any, he may have to the Office of the District Attorney of Richmond County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Nelson Pizarro (1) has given an insurance company bail bond in the sum of $5 million, has given a partially secured bond in the sum of $5 million, with the requirement of 10% down, or has deposited the sum of $2.5 million as a cash bail alternative; (2) has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c); (3) has surrendered all [*2]passports, if any, he may have to the Office of the District Attorney of Richmond County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) has provided to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Nelson Pizarro is incarcerated, or his or her agent, is directed to immediately release Nelson Pizarro from incarceration.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court